NEIL *v.* HARRIS, executor.

The rulings, instructions, and judgment brought under review by this writ of
  error were not in accordance with the judgment and direction of this court
  when the case was formerly here (117 *Ga.* 733), the direction then given
  having been misconstrued by the trial judge.

Argued October 21, 1904. — Decided January 27, 1905.

Equitable petition.    Before Judge Felton.    Houston superior
court.    June 6, 1904.

*John P. Ross,* for plaintiff.
*Louis L. Brown* and *Bacon, Miller & Brunson,* for defendant.

Fish, P. J.    Mrs. Neil brought an action against W. H. Harris,
as executor of the will of her father, H. C. Harris, and Mrs.
Walker, in which she prayed, as against the executor, the specific
performance of a parol gift of a house and lot in the town of Fort
Valley, which she alleged had been given to her by her father
during his lifetime.    She further alleged, that, in pursuance of the
gift, she had gone into possession of the property during her
father's life and had ever since held it adversely, and, upon the
faith of the gift, had made improvements thereon of a permanent
nature, both during her father's lifetime and since.    The executor
in his answer denied the gift and that Mrs. Neil had ever been in
adverse possession of the property, but alleged that she had never
held it otherwise than permissibly.    He further set up in his
answer, that, since the death of his testator, he, at the request of
Mrs. Neil, and believing that the property belonged to the estate
of the testator, had paid out, for repairs and improvements on the
premises in dispute, a given sum from the estate of his testator;
and he prayed that if it should be determined that the title to the
property was in Mrs. Neil, it should be made subject to the
amount which he had so paid, and that a special lien or charge
against it for such sum should be declared in his favor as execu-
tor.    Mrs. Neil, by way of replication to the answer of the execu-
tor, alleged that the executor paid for the repairs and improve-
ments he claimed to have made on the premises out of her distrib-
utive share in her father's estate, in accordance with an agree-
ment between her and the executor at the time.    Upon the trial,
evidence was submitted in behalf of both Mrs. Neil and the exec-

utor upon this issue. The trial resulted in a verdict for Mrs. Neil. The executor moved for a new trial on many grounds, in one of which it was alleged that the court erred in refusing to instruct the jury, as requested by him, that, if the jury should find in favor of the gift, and "if it be shown that the executor, acting in the belief that the property in question was the property of the estate, at the request of the plaintiff or with her knowledge and consent, put improvements on the property to preserve it as an asset of the estate, then [the jury] should direct that the value of such improvements, with seven per cent. interest thereon since they were made, be set up as a charge against the property, superior to the claim of the plaintiff." In another ground of the motion it was alleged that the court erred in failing to submit to the jury the question as to the amount expended by the executor for repairs and improvements on the property. A new trial was refused, and the case was brought to this court, and is reported in 117 *Ga.* 733-749. This court there held, that the request to charge in reference to the executor's right to recover the amount which he, at the request of the plaintiff, had spent in improving the property, if it had stood alone, would have been a proper and pertinent charge, but as it was made in connection with and as a part of another request which was not legal and appropriate, it was not incumbent upon the court to separate the good from the bad, and therefore there was no error in refusing to give the charge as requested. It is obvious that when this court there held that a charge, that if the jury found for the plaintiff and further found "that the executor, acting in the belief that the property in question was the property of the estate, at the request of the plaintiff or with her knowledge and consent, put improvements on the property to preserve it as an asset of the estate, then [the jury] should direct that the value of such improvements, with seven per cent. interest thereon since they were made, be set up as a charge against the property, superior to the claim of the plaintiff," would have been a proper and pertinent charge, it of course held that the right of the executor to recover for money expended in improving property belonging to the plaintiff depended upon the existence of such a state of facts.

Clearly, then, the executor could not lawfully reimburse himself out of the plaintiff's property for money expended by him for

improvements thereon, if her contention was true that he paid for improvements upon property which he recognized to be hers, as an advance payment to her upon her distributive share in the estate of her father. In other words, if the legal effect of the transaction was that *she*, through him, paid for the repairs and improvements upon the property with money which *he* merely advanced to her upon and against her distributive share in the estate of her father, he could not recover the money from her. But if she did not thus, through him, pay for the repairs and improvements, but he, at her request, or with her knowledge and consent, paid for them, not for her, but for the estate, believing that the property belonged to the estate, he could reimburse himself, as executor, from the property for the money so paid by him. Such was the intention of this court when it further held, in ruling upon another ground of the motion for a new trial, that, "Under the pleadings and the evidence, the court did err in failing to instruct the jury to find the amount which the executor had expended for repairs and improvements on the property, as he was under no obligation to repair or improve the premises for the plaintiff; and, if he did so, he was entitled to be reimbursed for the money so paid out by him." While this language, standing alone, may not have been sufficiently guarded and qualified to clearly express the court's intention and meaning, yet, construed in the light of the issue made by the contentions of the parties in reference to the claim of the executor for money expended for repairs and improvements upon the property, and of the ruling of this court upon the executor's request to charge, its meaning was, and is, that the trial court, in framing and submitting to the jury questions of fact to be determined by them as a basis for the court's decree, should have instructed the jury to find the amount, if any, which the executor had expended for repairs and improvements upon the property in the belief that it belonged to the estate of his testator. Such, too, was the meaning of the language with which the present writer, speaking for the court, concluded the opinion and gave direction for the new trial which was granted, when it was said: "As the judgment of the court below is reversed solely upon the ground that the court erred in failing to instruct the jury to find what amount, if any, the executor had, at the request or with the consent of the plaintiff, expended for

repairs and improvements upon the premises in dispute, a new trial is ordered upon this question alone, with direction that in all other respects the decree rendered in favor of the plaintiff be allowed to stand; and if there should be a finding in favor of the executor upon the question indicated, then the said decree shall be so amended as to provide that the land recovered by the plaintiff be subjected to the repayment to the executor of the amount so expended by him, with lawful interest thereon." The sole question here referred to, upon which the new trial was ordered was *necessarily* a question made by the pleadings in the case, and that question, as made by the pleadings, was, what amount, if any, the executor had, at the request or with the consent of Mrs. Neil, expended *for the estate* in repairing and improving the property in controversy, and not what amount he had so spent for her in part payment of her distributive share in the estate of her father. The parties were not at issue as to whether the executor had paid for any repairs and improvements upon the property, but they were at issue upon the question whether he paid for them for the estate, believing the property belonged to it, or paid for them for Mrs. Neil, knowing the property belonged to her, as an advance to her upon her distributive interest in the estate. By her pleadings, she admitted that the executor had paid for them, but alleged that "they were made by said executor upon the distinct agreement that they were to be charged against the distributive share of petitioner," and averred, " upon information furnished her by said executor himself, that they were in fact so charged."

When the case came on for another trial in the superior court, the judge construed the direction given by this court as a "mandate" that the single issue to be tried by the jury should be, " what amount, if any, the executor, W. H. Harris, had, at the request or with the consent of the plaintiff, expended for repairs and improvements on the premises in dispute," and so instructed the jury. Mrs. Neil offered evidence tending to show that the executor, at the time that he paid for the repairs and improvements made on the premises in dispute, knew that the property belonged to her, and that he, as executor, made such payments out of funds belonging to the estate of his testator as a part of her distributive share in such estate. The executor admitted that the estate had always been solvent. The court rejected this evidence

offered by Mrs. Neil. The former decision of this court and the direction therein given were misconstrued by the learned ·trial judge, and ·therefore he erred in refusing to permit Mrs. Neil to introduce evidence in support of her contention as to the payments ·made by the executor for repairs and improvements, and also erred in his instructions to the jury, limiting the issue to be tried as above indicated.

It certainly was not the intention of this court, in the decision heretofore rendered and the direction then given, to eliminate · from the case the issue made by the pleadings as to the payments made by the executor for repairs and improvements on the property in controversy ; and in view of the pleadings then, and what· was said in the opinion rendered by this court, we do not think the construction placed by our learned brother of the superior court upon the direction given by this court was required, though the language used by the writer may not have been as clear and unambiguous as it should have been. In justice to him, however, it may be said, that while he was clearly of the opinion that the construction which he placed upon the language of this court was correct and required, his charge clearly indicates that he thought the instruction given by this court, as he interpreted it, was too limited as to the issue to. be submitted to the jury upon the new trial, and that he ruled upon the admission of evidence and instructed the jury as he did simply because he felt that the ruling of this court compelled him to do so.

*Judgment reversed.    All the Justices concur.*